UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICA CORE AVIATION LLC and
SHALVA PAVLOVICH CHIGIRINSKIY,

                       Plaintiffs,

-against-

MORRISON COHEN L.L.P., et al.,

                       Defendants.

1:23-cv-05407 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

        Plaintiffs filed the Complaint on June 26, 2023.  *See* ECF Nos. 1, 5 ("Compl."). Plaintiffs assert that jurisdiction is based on diversity of citizenship.  *See* Compl. ¶ 11.  The Complaint alleges that Plaintiff America Core Aviation LLC ("ACA") is "a Delaware limited liability company with its principal place of business" in New York.  *Id.* ¶ 4.  It alleges that ACA's "sole member is a Connecticut limited liability company," for which the "beneficial owner" is Plaintiff Shalva Pavlovich Chigirinskiy, "a resident" of Florida.  *Id.* ¶¶ 5-6.  In an incomplete sentence, the Complaint alleges that Defendant Morrison Cohen L.L.P. ("MC") is "a limited liability partnership with its principal place of business at."  *Id.* ¶ 7.  It further alleges that Defendants David Scharf and Jonathan Margolis are each "a natural person and a partner of MC, with a principal place of business" in New York.  *Id.* ¶¶ 8-9.  Finally, the Complaint alleges that, "upon information and belief, the partners of MC are New York residents with principal places of business" in New York.  *Id.* ¶ 10.

        For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state of which its members are citizens.  *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  That means that, "if any of an LLC's members are themselves noncorporate entities, then a plaintiff must allege the identity and citizenship of their

members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged.") (collecting cases). Similarly with respect to limited liability partnerships, "[f]or the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). "An individual's citizenship, within the meaning of the diversity statute, is determined by his *domicile*. . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) (emphasis added). Here, Plaintiffs have not properly alleged the citizenship of the parties.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs shall, no later than **July 12, 2023**, file a letter, supported by one or more sworn affidavits, that provides the necessary prerequisites for the Court to exercise subject-matter jurisdiction. The submission should allege, consistent with this Order, the citizenship of each party – including the identity and citizenship of each limited liability company member or limited liability partnership partner, and those members' members, down the chain of ownership – and show that complete diversity exists. If, by that date, Plaintiffs are unable to allege complete diversity of citizenship, the action may be dismissed for lack of subject-matter jurisdiction without further notice to the parties.

Dated: June 28, 2023
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge